[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO IMPOSE LIFE SENTENCE BECAUSE GENERAL STATUTES § 53a-46a IS UNCONSTITUTIONAL
The defendant, Robert Courchesne, has moved this Court to impose a life sentence alleging that a death penalty imposed pursuant to General Statutes § 53a-46a is unconstitutional. The defendant sets forth several arguments in support of this proposition. Many of the issues have already been addressed by the Connecticut Supreme Court in State v.Cobb, 251 Conn. 285, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841,121 S.Ct. 106, 148 L.Ed.2d 64 (2000); State v. Breton, 235 Conn. 206,663 A.2d 1026 (1995) and State v. Ross, 230 Conn. 183, 646 A.2d 1318, cert. denied, 513 U.S. 1165, 115 S.Ct. 1133, 130 L.Ed.2d 1095 (1994). The crimes involved in all of these decisions were committed prior to 1995 when § 53a-46a was amended. The 1995 amendment changed how the factfinder evaluates aggravating factors and mitigating factors.
Pursuant to General Statutes § 53a-46a, both before and after the amendment, a defendant may only be sentenced to death if the factfinder, either the jury or a three judge panel (hereinafter "court"), finds that an aggravating factor exists. The state has the burden of proving an aggravating factor beyond a reasonable doubt. State v. Cobb, supra,251 Conn. 476. The defendant may prove the existence of a mitigating factor by a preponderance of the evidence. Id. Prior to the 1995 amendment to § 53a-46a, the defendant would be sentenced to life imprisonment instead of death if the respective factfinder determined that any mitigating factor existed even if an aggravating factor was established. Public Act 95-19 amended § 53a-46a to provide that the CT Page 15674 defendant shall be sentenced to death if the respective factfinder determines that an aggravating factor exists and (a) there are no mitigating circumstances or (b) a mitigating factor exists but is outweighed by the aggravating factor. General Statutes § 53a-46a
(f). Thus, the court may now impose the death penalty even if a mitigating factor is established if the factfinder determines that the aggravating factor outweighs the mitigating factor. This Court will consider each of the defendant's arguments in light of the 1995 amendment to General Statutes § 53a-46a.
 I
The defendant initially argues that General Statutes § 53a-46a is unconstitutional because it authorizes jurors to refuse to consider constitutionally relevant mitigating evidence. Specifically, the defendant takes issue with language in subsection (d), which provides that "[m]itigating factors are such as do not constitute a defense or excuse for the capital felony of which the defendant has been convicted, but which, in fairness and mercy, may be considered as tending either to extenuate or reduce the degree of his culpability or blame for the offense or to otherwise constitute a basis for sentence less than death." (Emphasis added.) General Statutes § 53a-46a (d). The defendant argues that the "may be considered" language erroneously suggests to the jurors that they "may"— but need not — consider mitigating factors once found.
"In the selection phase, our cases have established that the sentencer may not be precluded from considering, and may not refuse to consider, any constitutionally relevant mitigating evidence." (Internal quotation marks omitted.) State v. Cobb, supra, 251 Conn. 484; see also Buchananv. Angelone, 522 U.S. 269, 276, 118 S.Ct. 757, 139 L.Ed.2d 702 (1998) ("sentencer may not be precluded from considering, and may not refuse to consider, any constitutionally relevant mitigating evidence"); Penry v.Lynaugh, 492 U.S. 302, 317-18, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (same); Sumner v. Shuman, 483 U.S. 66, 76, 107 S.Ct. 2716, 97 L.Ed.2d 56
(1987) ("[n]ot only [does] the Eighth Amendment require that capital-sentencing schemes permit the defendant to present any relevant mitigating evidence, but `Lockett requires the sentencer to listen' to that evidence"); Eddings v. Oklahoma, 455 U.S. 104, 115 n. 10,102 S.Ct. 869,71 L.Ed.2d 1 (1982) ("Oklahoma death penalty statute permits the defendant to present evidence "as to any mitigating circumstances.'. . .Lockett requires the sentencer to listen." (Citation omitted.));Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (plurality opinion).
The statutory language in subsection (d) emphasized by the defendant CT Page 15675 "merely codifies the definition for mitigating factors utilized in capital cases. . . ." (Emphasis added.) State v. Ross, supra,230 Conn. 283. The Connecticut Supreme Court has referred to this language as defining what is included in "the catchall category." SeeState v. Cobb, supra, 251 Conn. 454-55 (sentencer must consider nonexclusive list of mitigating factors as well as "`catchall category consisting of any other "mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime." General Statutes § 53a-46a (b); and see [General Statutes] § 53a-46a (f). The catchall category of mitigating factors includes those factors "which, in fairness and mercy, may be considered as tending either to extenuate or reduce the degree of [the defendant's] culpability or blame for the offense or to otherwise constitute a basis for a sentence less than death." General Statutes § 53a-46a (d).'").
The defendant's argument presented that the jury will erroneously interpret the statutory language is unfounded. Nothing in the statutory language or in federal or state case law interpreting the language is sufficiently unclear or ambiguous such as to lead to the inescapable conclusion that the jury will erroneously believe it is free to refuse to consider mitigating evidence. The language on which the defendant premises his contention defines a mitigating factor, as opposed to instructing the sentencer on what to do with such a factor once it has been established in the evidence. It is presumed that the jury will follow clear, explicit instructions on the law and, more specifically, follow instructions regarding its duty to consider and give effect to mitigation evidence which will be presented to them. See State v.Rivera, 61 Conn. App. 763, 773, 765 A.2d 1240, cert. denied, 256 Conn. 901, ___ A.2d ___ (2001).
The defendant further contends that there is a reasonable possibility that jurors will understand the statutory language of § 53a-46a (d) to require that mitigating evidence have some nexus to the offense. Under § 53a-46a (d), the sentencer is required to determine whether a particular factor established by the evidence "is mitigating in nature, considering all the facts and circumstances of the case." This Court finds that the statute clearly requires jurors to render a reasoned moral judgment on whether mitigation has been established in light of all the relevant facts and circumstances. Any possible ambiguity with respect to this statutory language can be remedied by the trial court's instructions to the jury.
This Court finds the reasoning in State v. Campmire, Superior Court, judicial district of Hartford, Docket No. 098362 (October 25, 2001,Mulcahy, J.), to be persuasive and adopts its reasoning. Therefore, after a consideration of the aforementioned, the Court finds that General CT Page 15676 Statutes § 53a-46a is not unconstitutional because it does not permit jurors to refuse to consider constitutionally relevant mitigating evidence and, further, because any ambiguities with respect to the statutory language can be corrected in the court's instructions to the jury.
 II
The defendant argues that General Statutes § 53a-46a fails to designate a single human sentencing authority. The defendant's claim has been considered and rejected in State v. Ross, supra, 230 Conn. 240-41;State v. Breton, supra, 235 Conn. 218; and State v. Cobb, supra,251 Conn. 497. The 1995 amendment has not affected this issue. The Court in Ross determined that "[t]he sentencer makes the required moral and individualized determination, under our statute, because it must consider a nonexclusive list of mitigating factors as well as a catchall category consisting of any other mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime. . . . Furthermore, it is evident that the capital sentencer, either a jury or the court, in making its determination regarding the existence of aggravating and mitigating factors during the separate sentencing hearing is aware that its task is the serious one of determining whether a specific human being should die at the hands of the State." (Citations omitted; internal quotation marks omitted.) State v.Ross, supra, 230 Conn. 240-41. The Ross court also noted that the imposition of a death penalty occurs once the sentencer has engaged "in a full, individualized consideration as to whether death is the appropriate penalty for each defendant." Id., 241. Therefore, for the reasons stated in Ross, General Statutes § 53a-46a is not unconstitutional because of its failure to designate a single human sentencing authority.
 III
The defendant's third argument is that unless the Court instructs the jury that the statutory formula of finding and weighing aggravating and mitigating factors must include a full individualized consideration of whether death is the appropriate penalty for the defendant, its instruction on the determination required in General Statutes § 53a-46a
is unconstitutional because it fails to require a specific finding that the defendant should be sentenced to death, allowing the imposition of death in cases where it is mandated by the findings on aggravating and mitigating factors, but where it is morally inappropriate in the jury's view.
The court in Ross determined that the pre-amendment 1995 General Statutes § 53a-46a is not unconstitutional because "[t]he requirement CT Page 15677 that the sentencer's determination be made by setting forth its findings regarding aggravating and mitigating factors merely guides the sentencer's discretion to achieve a more focused and rational response.Boyde v. California, [494 U.S. 370, 377, 110 S.Ct. 1190,108 L.Ed.2d 316, rehearing denied, 495 U.S. 924, 110 S.Ct. 1961, 109 L.Ed.2d 322
(1990)]; Blystone v. Pennsylvania, [494 U.S. 299, 304-305,110 S.Ct. 1078,108 L.Ed.2d 255 (1990)]. The sentencer makes the required moral and individualized determination, under our statute, because it must consider a nonexclusive list of mitigating factors as well as a catchall category consisting of any other `mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime.' General Statutes 53a-46a (b) and (f). The catchall category of mitigating factors includes those factors `which, in fairness and mercy, may be considered as tending either to extenuate or reduce the degree of [the defendant's] culpability or blame for the offense or to otherwise constitute a basis for a sentence less than death.' General Statutes53a-46a (d). The ability to consider an unrestricted set of mitigating factors satisfies federal constitutional requirements for a moral and individualized decision. Blystone v. Pennsylvania, supra, 494 U.S. 305."State v. Ross, supra, 230 Conn. 240. Under the current version of General Statutes § 53a-46a, the jury or court still considers an unrestricted set of mitigating factors and, therefore, the statute still satisfies federal constitutional requirements for a moral and individualized decision.
Therefore, based upon the aforementioned reasons, General Statutes § 53a-46a is not unconstitutional.
 IV
The defendant's fourth claim is that the General Statutes § 53a-46a
(d) requirement that the factfinder consider death penalty phase evidence is "mitigating in nature, considering all the facts and circumstances of the case" violates the federal and state constitutions. The defendant proposes four arguments for the unconstitutionality of the statutory language.
 A
The defendant's first argument that General Statutes § 53a-46a (d) is unconstitutional is that it establishes a barrier to the jury's giving full effect to facts that constitute reasons for life in violation of federal and state constitutions because the jury or court must consider whether the facts are "mitigating in nature, considering all the facts and circumstances of the case." General Statutes § 53a-46a (d). This argument was considered and rejected in State v. Ross, supra, 230 Conn. 284
CT Page 15678 and State v. Cobb, supra, 251 Conn. 485-86. The defendant has not presented any reason for this court to depart from the rulings in Ross andCobb.
 B
The defendant's second argument that General Statutes § 53a-46a (d) is unconstitutional is that it fails to define the terms "mitigating in nature, considering all the facts and circumstances of the case." This argument was considered and rejected in State v. Cobb, supra,251 Conn. 482-83. This court finds no reason to depart from this holding.
 C
The defendant's third argument that General Statutes § 53a-46a (d) is unconstitutional is that it fails to establish legal standards for mitigating factors that are uniform in all cases, and thereby allows the rejection of similar or even identical mitigating facts from one case to the next. The defendant previously argued that the court or jury was not able to make an individualized determination of whether the defendant is eligible for the death penalty. The flexibility of the statute with regard to mitigating factors gives the court or jury the ability to make an individualized determination. In fact "[t]he statute . . . provides the capital sentencer with sufficient latitude to make a reasoned moral and individualized determination, based on the defendant's background, character and crime, that death is the appropriate punishment. The statute enables a jury, with appropriate instructions, to make this awesome decision in a manner that is appropriately wide-angled and open-textured. So construed, the statute is entirely consonant with the general contours of a constitutional safeguard rooted in flexible principles of due process. State v. Lamme, [216 Conn. 172, 178, 579 A.2d 484
(1990)]; State v. Joyner, 225 Conn. 450, 470-72, 625 A.2d 791 (1993)."State v. Ross, supra, 230 Conn. 284. Thus, if a capital sentencing scheme allowed only uniform mitigating factors, as the defendant seems to request, the scheme may be unconstitutional because it lacks flexibility. The standard for mitigating factors is not unconstitutional as currently applied in Connecticut.
 D
The defendant's last argument that General Statutes § 53a-46a (d) is unconstitutional is that the weighing process limits the sentencer's consideration of the relevant mitigating factors. Although General Statutes § 53a-46a was amended in 1995 to allow the court or jury to weigh any mitigating factors against any aggravating factors, "the CT Page 15679 federal constitution permits a state to adopt a death penalty scheme that requires the capital sentencer to balance aggravating factors against mitigating factors at the sentencing hearing. See, Tuilaepa v.California, [512 U.S. 967, 979, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994)];Blystone v. Pennsylvania, supra, 494 U.S. 305; Clemmons v. Mississippi, [494 U.S. 738, 745, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990)]; McCleskeyv. Kemp, [481 U.S. 279, 313-15 n. 37, 107 S.Ct. 1756, 95 L.Ed.2d 262, rehearing denied, 482 U.S. 920, 107 S.Ct. 3199, 96 L.Ed.2d 686 (1987)]."State v. Cobb, supra, 251 Conn. 485. Thus, the weighing process currently in effect in Connecticut for death penalty cases is not unconstitutional.
 V
The defendant's next argument is that General Statutes § 53a-46a is unconstitutional because the defendant's burden to prove the existence of a mitigating factor by a preponderance of the evidence erroneously allocates the risk of error allowing the death penalty to be imposed even when there are factors calling for a less severe sentence. This claim has been previously rejected in State v. Ross, supra, 230 Conn. 241, andWalton v. Arizona, [497 U.S. 639, 649, 110 S.Ct. 3047, 111 L.Ed.2d 511, rehearing denied, 497 U.S. 1050, 111 S.Ct. 14, 111 L.Ed.2d 828 (1990)].
 VI
The defendant claims that General Statutes § 53a-46a violates the federal and state constitution because it contains a presumption of death rather than a presumption of life. This claim has been rejected in Statev. Ross, supra, 230 Conn. 241, and Walton v. Arizona, supra, 497 U.S. 649.
 VII
The defendant's next contention is that General Statutes § 53a-46a
violates the state constitution prohibition against cruel and unusual punishment. This argument has specifically been rejected in State v.Ross, supra, 230 Conn. 245-52.
 VIII
The defendant contends that race has an arbitrary, impermissibly discriminatory and disproportionate effect on capital sentencing in violation of the state and federal constitutions. This issue has not as yet been addressed by the Connecticut appellate courts. The United States Supreme Court, however has addressed the issue as it relates to the Georgia capital sentencing scheme in McCleskey v. Kemp, supra,481 U.S. 286-319. In his argument, the defendant refers to the "Baldus CT Page 15680 study," a statistical study on racial discrimination with regard to the death penalty, that was presented in McCleskey. The court determined that "the Baldus study does not demonstrate a constitutionally significant risk of racial bias affecting the Georgia capital sentencing process."McCleskey v. Kemp, supra, 481 U.S. 313. The defendant admits that no studies have been completed in Connecticut at this time. Therefore, the defendant has failed to show how the Connecticut death penalty system is affected by racial bias.
 IX
The defendant contends that General Statutes § 53a-46b violates his due process rights under the state and federal constitutions because it does not provide for meaningful and sufficient appellate review. General Statutes § 53a-46b has been amended to remove language that required the state Supreme Court to determine if a sentence of death "is excessive or disproportionate to the penalty imposed in similar cases, considering both the circumstances of the crime and the character and record of the defendant." General Statutes § 53a-46b (Rev. to 1995). The defendant complains that the current statute is unconstitutional because it no longer requires that the Connecticut Supreme Court conduct proportionality reviews in all cases where a defendant is sentenced to death. The United States Supreme Court has held that "[t]here is . . . no basis in our cases for holding that comparative proportionality review by an appellate court is required in every case in which the death penalty is imposed and the defendant requests it." Pulley v. Harris, 465 U.S. 37, 50-51, 104 S.Ct. 871, 791 L.Ed.2d 29 (1984). The Pulley court noted that "a capital sentencing system must be so lacking in other checks on arbitrariness that it would not pass constitutional must without comparative proportionality review." Id., 51. The defendant has not demonstrated that the Connecticut capital sentencing system is lacking in checks on arbitrariness; thus, the Connecticut system provides for meaningful and sufficient appellate review.
 X
In this section, the defendant claims that requiring sentencer unanimity that some mitigating factor or factors exist before a life sentence is imposed violates his state and federal constitutional rights. As the defendant acknowledges in his memorandum of law, this claim has been considered and rejected in State v. Ross, supra,230 Conn. 243-44. The defendant asks this court to overturn a decision of the Supreme Court of Connecticut. The defendant has not presented this court with any persuasive reason to ignore precedent on this issue.
 Conclusion
CT Page 15681
For the foregoing reasons, the defendant's motion to impose a life sentence is denied.
So ordered,
D'ADDABBO, J.